# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| DARRON McCALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-00443-MHH-JHE |
| | ) |
| BEN FOUNTAIN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Darron McCall filed this action *pro se*. He asserts claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 13). On August 26, 2022, the magistrate judge entered a report in which he recommended that the Court dismiss Mr. McCall's federal claims pursuant to 28 U.S.C. § 1915A(b)(1)-(2). (Doc. 17). The magistrate judge also recommended that, to the extent Mr. McCall asserted state-law claims, the Court dismiss those claims pursuant to 28 U.S.C. § 1367(c)(3). (Doc. 17).

The Clerk mailed the magistrate judge's report and recommendation to Mr. McCall at the Morgan County Jail. (Doc. 18). The United States Postal Service returned the mail as undeliverable and with a notation that Mr. McCall no longer resided at the facility. (Doc. 18). The Federal Bureau of Prisons website indicated that Mr. McCall had been transferred to FCI-Ashland in Ashland, Kentucky. (Doc. 19). On September 15, 2022, the magistrate judge directed the Clerk to resend the report and recommendation to Mr. McCall at FCI-Ashland. (Doc. 19). The

magistrate judge advised Mr. McCall that he had 14 days to file objections to the report and recommendation. (Doc. 19).

On September 30, 2022, the Court received from Mr. McCall a motion for an extension of time to file objections to the report and recommendation. (Doc. 20). Mr. McCall asked for permission to file his objections "somewhere around the beginning of 2023." (Doc. 20, p. 2). On October 4, 2022, the magistrate judge granted in part and denied in part Mr. McCall's motion for an extension of time and ordered him to file objections within 30 days. (Doc. 21). More than 30 days elapsed, and the Court did not receive objections from Mr. McCall.

On December 22, 2022, the Court dismissed Mr. McCall's federal claims without prejudice pursuant to 28 U.S.C. § 1915A(b)(1)-(2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief. (Docs. 22, 23). The Court dismissed Mr. McCall's state-law claims, to the extent he alleged state-law claims, pursuant to 28 U.S.C. § 1367(c)(3). (Docs. 22, 23).

On January 17, 2023, Mr. McCall moved to reinstate this action. (Doc. 24). Mr. McCall stated that he did not receive the magistrate judge's October 4, 2022 order granting in part his motion for an extension of time to file objections. (Doc. 24). Mr. McCall asserted that he was assigned to the Special Housing Unit from

December 28, 2022 to January 2, 2023, and was unable to respond sooner to the Court's opinion and final order. (Doc. 24).

On March 7, 2023, the Court granted Mr. McCall's motion to reinstate this action and ordered him to file objections to the magistrate judge's report and recommendation within 14 days. (Doc. 25). After additional extensions of time, (Docs. 26, 27, 29, 30), Mr. McCall filed a motion to stay these proceedings, (Doc. 31); a motion to amend the complaint, (Doc. 32); and objections to the report and recommendation, (Doc. 33).

With respect to Mr. McCall's objections to the report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No.

3

94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

Here, Mr. McCall objects in part because he contends that the magistrate judge omitted from his report Mr. McCall's allegation that Deputy Marshal Fountain conducted an unauthorized search of the house where Deputy Fountain arrested Mr. McCall after Mr. McCall "was already arrested and detained." (Doc. 33, p. 2). Mr. McCall also contends that the magistrate judge gave only a "shallow and passive observation" of Magistrate Judge Staci Cornelius's recommendation in his underlying criminal case to suppress evidence found underneath a bed. (Doc. 33, p. 2). The record contradicts these assertions. In his report, the magistrate judge explained that when deputy marshals arrived at Mr. McCall's mother's house, they "placed [Mr. McCall] in a vehicle" and "searched the home." (Doc. 17, p. 3). The magistrate judge stated that Mr. McCall's mother "witnessed the defendants searching the home, including underneath a bed . . ." (Doc. 17, p. 3). The magistrate judge also provided a summary of the analysis regarding Mr. McCall's motion to suppress in his criminal proceeding. (Doc. 17, pp. 4-5). The magistrate judge explained that Magistrate Judge Cornelius recommended that the Court grant Mr. McCall's motion to suppress in his criminal case to the extent he "sought to suppress an empty rifle magazine found underneath his bed during the officers' search on January 7, 2021." (Doc. 17, p. 5). Accordingly, the Court overrules Mr. McCall's

4

objection based on his contention that the magistrate judge "omitted" certain factual allegations from his report.

In his objections, Mr. McCall points out that he sued the defendants in their official and individual capacities. (Doc. 33, p. 3). The magistrate judge understood this, dismissed Mr. McCall's official capacity claims for damages against the state defendants based on Eleventh Amendment immunity, dismissed Mr. McCall's official capacity claims for damages against the federal defendants because there is no cause of action against federal defendants in their official capacities under *Bivens*, and evaluated Mr. McCall's individual capacity claims for damages and injunctive relief on the merits. (Doc. 17, p. 6). There is no error in this regard.

Mr. McCall contends that contrary to the magistrate judge's analysis, *Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar his Fourth Amendment search and seizure claim against the defendants. (Doc. 33, pp. 3–6). *Heck* bars a Fourth Amendment claim for damages where success in the civil action would invalidate a criminal conviction. In his objections, Mr. McCall asserts that a finding in this case that the defendants violated his Fourth Amendment rights would not render his conviction and sentence for possession of ammunition in violation of 18 U.S.C. § 922(g)(1) invalid because his Fourth Amendment claim in this action concerns the defendants' search of his mother's house, and he was convicted under § 922(g)(1)

based on ammunition "suppose[d]ly found on his <u>person</u>." (Doc. 33, p. 5) (underline in Doc. 33).

The record contradicts Mr. McCall's argument. Mr. McCall's § 922(g)(1) conviction was based not only on ammunition taken from him but also on ammunition taken from his mother's house. The factual basis section of Mr. McCall's plea agreement states:

> Upon arrival, marshals knocked on the door, announced their presence, and were greeted by the homeowner, Vanessa McCall, the defendant's mother. Ms. McCall confirmed that her son was there and that he was in his bedroom. Due to safety concerns, Ms. McCall was directed out of her residence and onto her front porch. Thereafter, the marshals repeatedly called out to the defendant to come to the front door. After a delay of approximately two minutes, McCall finally complied. Marshals arrested McCall at the threshold and escorted him onto the front porch where he was placed in handcuffs. During a post-arrest search, marshals found a pistol magazine loaded with 17 rounds of 9mm ammunition in McCall's pants pocket.
>
> Because of the cold weather, the defendant indicated that he would like to put on a shirt before being taken into custody. Ms. McCall said that she would retrieve the garment for her son, but the marshals refused her offer. After obtaining verbal consent from both Ms. McCall and the defendant, deputies entered the dwelling, and went to McCall's bedroom. As they proceeded through the residence, the deputies conducted a quick protective sweep for their safety.
>
> Once inside the bedroom, the deputies noticed a clear plastic container lying on top of McCall's bed. In the container were 43 rounds of .223 caliber/5.56mm ammunition. Also inside the container marshals found 18 additional rounds of 9mm ammunition inside a cardboard box. Marshals seized the ammunition.

(*United States v. McCall*, Case No. 21-cr-00106-ACA-SGC, Doc. 25, pp. 3-4). Because Mr. McCall's criminal conviction was based not only on the ammunition marshals found in his pants pocket but also on ammunition found inside Mr. McCall's mother's house, as the magistrate judge explained, a finding in this civil action that the January 7, 2021 search of the house was improper would undermine Mr. McCall's conviction. Because a judgment in Mr. McCall's favor in this case would imply the invalidity of his underlying conviction for being a felon in possession of ammunition, the Court overrules Mr. McCall's objections to the dismissal of his Fourth Amendment claims under *Heck*.

Mr. McCall objects to the magistrate judge's recommendation that the Court dismiss his theft claims against the defendants. (Doc. 33, p. 6). Although Mr. McCall argues that the Fifth Amendment allows him to recover from the federal defendants for property taken without just compensation, (Doc. 33, p. 6), he offers no law, other than the text of the Fifth Amendment, to support his contention that he may pursue a Fifth Amendment claim against the federal defendants under *Bivens*. (Doc. 33, pp. 6-7). Mr. McCall has not addressed the magistrate judge's finding that he may not pursue his theft claim against the federal defendants under *Bivens*. (Doc. 17, pp. 9-12). Therefore, the Court overrules his objection regarding the federal defendants.

Similarly, in his objections, Mr. McCall does not address the magistrate judge's recommendation that the Court dismiss his Fifth Amendment claim against the state defendants because the Alabama Board of Adjustment provides a meaningful post-deprivation remedy for Mr. McCall's theft claims against those defendants, foreclosing a federal due process claim.[1]  Therefore, the Court overrules Mr. McCall's objections to the dismissal of his theft claims against the state defendants.[2]

Mr. McCall seeks to "cure the deficiencies" in his amended complaint by amending his complaint again.  (Doc. 32).  Under Fed. R. Civ. P. 15(a), a district court "should freely give leave when justice so requires," but a court may deny a motion to amend based on "(1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, and (5) futility." *Blackburn v. Shire US, Inc.*, 18 F.4th 1310, 1317–18 (11th Cir. 2021).

---

[1] Mr. McCall also attempts to add to his theft claims the seizure of his empty magazine clip which Magistrate Judge Cornelius suppressed.  (Doc. 33, p. 7).  Mr. McCall cannot add factual allegations at this stage.  (Doc. 17, p. 14) ("Objections should not contain new allegations, present additional evidence, or repeat legal arguments.").  And a claim based on the alleged theft of Mr. McCall's magazine clip would be subject to dismissal for the reasons discussed in the theft analysis in the magistrate judge's report, (Doc. 17, pp. 9-13).

[2] To the extent Mr. McCall requests that this Court waive requirements under the Federal Tort Claims Act so that he may file a claim, (Doc. 33, p. 8), he has not cited authority for the Court to do so.  Therefore, the Court cannot provide such relief.

None of the allegations that Mr. McCall makes in his proposed amended complaint alters the analysis in the magistrate judge's report or in this opinion. Under binding law, Mr. McCall cannot seek monetary relief from the defendants in their official capacities; *Heck* bars a Fourth Amendment search and seizure claim; and a Due Process theft claim fails for the reasons stated above. Because the proposed amended complaint would be futile, the Court denies Mr. McCall's motion to amend. (Doc. 32).

Mr. McCall also moved to stay these proceedings until his release from federal prison on October 31, 2023. (Doc. 31). Because Mr. McCall no longer is in custody (Doc. 34), his motion to stay is moot.

Accordingly, the Court adopts the magistrate judge's report and accepts his recommendation. Consistent with that recommendation and 28 U.S.C. § 1915A(b)(1)-(2), by separate order, the Court will dismiss Mr. McCall's federal claims without prejudice for failure to state a claim upon which relief may be granted. To the extent Mr. McCall asserts state-law claims against the defendants, the Court will dismiss those claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to please TERM Docs. 31 and 32.

**DONE** and **ORDERED** this January 4, 2024.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE